IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR349 |
| | ) | |
| v. | ) | |
| | ) | |
| THEODORE MANOS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's objections, Filing No. 32[1], to the report and recommendation of the magistrate judge, Filing No. 29 and Filing No. 31. The magistrate judge recommended that this court deny defendant's motion to suppress, Filing No. 17. The indictment charges defendant with three counts, Filing No. 1, for receipt and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2), possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), and forfeiture pursuant to 18 U.S.C. § 2253. In his motion to suppress, defendant argued that the search warrant was conducted without probable cause, that he was thereafter illegally detained, and that he did not receive his *Miranda* rights prior to making any statements. See *Miranda v. Arizona*, 384 U.S. 436 (1966).

Under 28 U.S.C. § 636(b)(1), the court makes a de novo determination of those portions of the report and recommendation to which the parties object. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has conducted a de novo review of the record, including the transcript of the hearing which includes the findings and conclusions of the magistrate judge, Filing Nos. 29 and 31, Exhibits 1 and 2, Filing No. 26,

---

[1]Neither party filed a brief with regard to the objections.

and the relevant law.  The court agrees with the magistrate judge's recitation of the facts and application of the law and will only briefly summarize them in this Memorandum and Order.  The court overrules the defendant's objections to the R&R, denies defendant's motion to suppress, and adopts the report and recommendation of the magistrate judge in its entirety.

## BACKGROUND

On or about January 2, 2009, Special Agent Doug Reisz of Immigration and Customs Enforcement (ICE) obtained a search warrant for child pornography at defendant's residence.  Attached to the warrant was a thirteen-page affidavit in support.  (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)).  The tip in this case came from the ability of the police to access shared files.  The court finds the affidavit is sufficient and will adopt the report and recommendation in this regard.

### *Custody and Statements*

Defendant contends he was in custody at the time of the first interrogation and the statements he made should be suppressed.  The court must determine whether a reasonable person would have believed he was in custody and not at liberty to leave. *Thompson v. Keohane*, 516 U.S. 99, 112 (1995).  The Eighth Circuit has identified five factors to determine whether an interview is custodial or noncustodial.  These factors include:  1) whether the police told the suspect he was free to leave, was free to refuse to answer questions, or was not under arrest; 2) whether the person's movements were unrestrained during the interview; 3) whether the person initiated contact with authorities or voluntarily acquiesced to official request; 4) whether the police used coercive or deceptive tactics that restricted the suspect's freedom to terminate the encounter; and 5)

whether the questioning occurred in a police-dominated atmosphere. *United States v. Ollie*, 442 F.3d 1135, 1137-38 (8th Cir. 2006).

Defendant argues that his statements were not freely and voluntarily given. Agent Reisz testifed that he specifically told defendant he was not under arrest and at the conclusion of the interview defendant would not be arrested. Agent Reisz states he told defendant this three times before and during the questioning. Agent Reisz further testified he told defendant at the outset that they were trying to figure out the details of defendant's involvement, and that the questioning was voluntary. This first interview last approximately 45 minutes, according to Agent Reisz. The interview was very casual and comfortable, testified Agent Reisz. Then, based on some of the information retrieved on the computer by the other agents, Agent Reisz gave defendant his *Miranda* rights and re-interviewed him.

When the agents arrived, defendant was at the residence with his girlfriend. He was dressed in a shirt and pajamas. Agent Reisz testified that defendant was a suspect, but that they always keep an open mind, because other people have access to the computers. Defendant was told why the agents were there, that they had received overseas information that he might have child pornography on his computer, and the agents discussed defendant's previous criminal history regarding child pornography with him. When defendant went to get water, the agents went with him, citing safety concerns. Defendant testified that he was intimidated, as there were six agents in his house; his girlfriend was asked to leave; he was not told he could leave; he states he was not told he could terminate the questioning; and he believed he was the target of the investigation. Defendant also testified that Agent Reisz did not raise his voice or threaten defendant.

Defendant testified that he was told when he could get his girlfriend out of bed, told when he had to leave the bedroom and go back to the foyer and talk, and accompanied when he went to get water.

The magistrate judge found Agent Reisz credible and concluded that the interview was voluntary and that defendant stated he was willing to cooperate. The magistrate judge also determined that before the second interview the agents read defendant his *Miranda* rights and the defendant waived these rights. The magistrate judge then concluded that *Miranda* rights were not required before the first interrogation. He further found that interrogation clearly occurred, but not custody, and a reasonable person in this case would have believed he could have terminated the interrogation. *See Thompson v. Keohane*, 516 U.S. 99, 113-14 (1995). The magistrate judge determined that the responses were voluntary and not coerced. With regard to the second interrogation, the magistrate judge again found no custody, and found the *Miranda* warnings were not necessary. However, since they were given, the magistrate judge analyzed the statements under *United States v. Chaidez*, 906 F.2d 377 (8th Cir. 1990), and concluded that consent was given, it was voluntary, and defendant chose to talk to the agents. Filing No. 31.

The court will adopt the report and recommendation of the magistrate judge. The defendant was not under arrest and was told several times he would not be arrested. Further, the agents did not deprive defendant "of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444. The interrogation occurred at defendant's house; the agents fully informed defendant as to why they were there and what they were looking for; he was permitted to talk to his girlfriend and to get water, although accompanied by an agent; no apparent deceptive strategies were used; there were only two agents in the room

during the interrogation, and only one asked the majority of the questions; the questioning lasted approximately 45 minutes; the agents were friendly; and the defendant was not immediately arrested after the questioning. The court finds the defendant was not in custody and the statements by the defendant were voluntarily made. Accordingly, the court will adopt the report and recommendation of the magistrate judge.

THEREFORE, IT IS ORDERED:

1. Defendant's objections, Filing No. 32, are overruled;

2. Defendant's motion to suppress, Filing No. 17, is denied; and

3. The report and recommendation of the magistrate judge, Filing Nos. 29 and 31, is adopted in its entirety.

DATED this 20th day of January, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

5